IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LABRYSON SNIDER, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 19-0197-KD-MU |
| TOM BOATWRIGHT, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 (Doc. 1). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a) for appropriate action and is now before the Court for Plaintiff's failure to prosecute and to comply with the Court's order.

Plaintiff's complaint (Doc. 1) was filed on another court's form and, further, Plaintiff did not pay the $400.00 filing fee, or in lieu thereof, file a motion to proceed without prepayment of fees.[1] On December 19, 2019, Plaintiff was ordered by January 20, 2020, to complete and file this Court's form for a complaint under 42 U.S.C. § 1983 and to pay the $400.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees (Doc. 7). Plaintiff was advised that if he elected not to file the Court's forms for a complaint under 42 U.S.C. § 1983 and for a motion to proceed without prepayment of fees, his action will be dismissed without prejudice for failure to prosecute and to follow the Court's order. Plaintiff has not responded in any manner to

the Court's order (Doc. 7), nor has Plaintiff's copy of the order been returned to the Court.

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieved the orderly and expeditious disposition of cases."); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); *Wilson v. Sargent,* 313 F.3d 1315, 1331-32 & n.7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); see generally *Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 41(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal *with prejudice* requires findings of contumacious conduct and that lesser sanctions will not suffice).

## Notice of Right to File Objections

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

---

[1] This action was transferred from the Middle District of Alabama to the Southern District of Alabama on

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 5th day of February, 2020.

> s/P. BRADLEY MURRAY
> UNITED STATES MAGISTRATE JUDGE

---